IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,632-01






EX PARTE TRAVIS JAMES MULLIS









ON MOTION TO APPOINT COUNSEL AND 

ESTABLISH NEW HABEAS CORPUS DUE DATE 

CAUSE NO. 08CR0333 IN THE 122ND DISTRICT COURT

GALVESTON COUNTY





 Per Curiam. 



O R D E R



 We have before us a motion to appoint counsel and establish a new filing date for a
Texas Code of Criminal Procedure Article 11.071 writ application. (1)

 In March 2011, a jury convicted applicant of capital murder and answered the
statutory punishment questions in such a way that the trial court sentenced applicant to
death. (2) On March 23, 2011, the trial court determined that applicant was indigent and
appointed the Office of Capital Writs to represent him for the purpose of filing an Article
11.071 application for writ of habeas corpus. Shortly thereafter, applicant waived the
appointment of habeas counsel, and he expressed his desire to waive habeas review
altogether. At defense counsel's request, the trial court appointed an expert to evaluate
applicant, and the expert found applicant to be competent to waive his habeas review. The
trial court held a hearing and, based upon the expert's determination, granted applicant's
request to dismiss his habeas counsel. But despite the desire he expressed early in the
process, applicant could have changed his mind and filed an application at any time on or
before July 2, 2012. 

 That date passed, and no writ application was filed in the trial court. Furthermore,
applicant continued to maintain his desire to waive habeas review until at least mid-August. 
On August 22, the trial judge received a letter from applicant in which applicant requested
that his appeals be reinstated because "new evidence has surfaced." On August 28, this
Court received a similar letter. Despite these vaguely worded letters, and based in part on
applicant's consistent and persistent attempts to waive habeas review, this Court issued an
order holding that applicant's failure to timely file an application constituted a waiver of all
grounds for relief that were available to him before the last date on which his application
could have been timely filed. Art. 11.071, § 4(e); Ex parte Mullis, No. WR76,632-01 (Tex.
Crim. App. Sept. 12, 2012)(not designated for publication). 

 On September 17, this Court received another letter from applicant in which he
requested that this Court "revoke and withdraw" his request to renew his appeals. In his
letter he notified this Court that no attorney was authorized to file anything in his case, and
he explicitly requested that this Court disregard any filings not made by him pro se. On
November 20, this Court received the motion that is the subject of this order. In the motion,
pro bono counsel argues that new evidence shows that applicant was not competent to waive
habeas review in October 2011, but he is competent to pursue it now. Therefore, counsel
concludes, counsel should be appointed and a new due date should be established. 

 As support for his motion, counsel provides the Court with a report from psychiatrist
Michael Fuller who, after evaluating applicant on November 1, 2012, states that applicant
intentionally deceived the expert who evaluated him in October 2011. Fuller concluded that,
at the time of that October 2011 evaluation, applicant was experiencing overwhelming fears
and depression that rendered him incompetent to waive his appeal rights. However, at the
November 2012 interview, Fuller determined that applicant has now adapted relatively well
to his environment, and the conditions that existed previously are not currently affecting his
decisional abilities. But neither counsel's motion nor Fuller's report show that applicant was
incompetent on August 22, 2012, when he tried to reinstate his appeals or on September 13,
2012, when he again re-urged his desire to waive review of his conviction. 

 In light of applicant's most recent letter, his consistent and persistent efforts to forego
habeas review, and our review of the record, we hold that counsel has failed to establish good
cause for failing to file a habeas application on or before the statutorily applicable due date. 
Therefore, counsel's motion is denied.

 IT IS SO ORDERED THIS THE 12th DAY OF DECEMBER, 2012.


Do Not Publish

1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.
2. Because applicant failed to file a brief on direct appeal, this Court automatically
reviewed the case for constitutional error. Finding none, the Court affirmed the case on
April 25, 2012, and mandate issued on May 21, 2012.